# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 13-CR-2040-LRR-MAR |
| vs. | |
| ADAM LAWIN, | **MEMORANDUM, OPINION, and ORDER** |
| Defendant. | |

_____

This matter is before the Court on Defendant's motion to appoint counsel. (Doc. 141.) On March 15, 2021, Defendant filed a motion requesting, among other things, the return of certain property. (Doc. 133). Defendant cites Federal Rule of Criminal Procedure 41(g) as a basis for his motion. *Id.*, at 2. Defendant also requests an accounting of assets seized by the Government, arguing that that value of the assets previously seized complies with or exceeds the $100,000 forfeiture judgment (Doc. 92) entered in this case. The Court previously held a status conference on the motion and entered a briefing schedule. (Docs. 139, 140.) Defendant now requests the appointment of counsel. He states he is at a residential reentry center which does not have legal resources and does not have the resources to hire counsel.

At the outset, the Court notes that there is a question of the whether appointment of counsel in a proceeding related to Rule 41(g) would be a criminal appointment under 18 U.S.C. § 3006A or civil appointment under 28 U.S.C. § 1915(e)(1). In *Blade v. United States*, 364 F. App'x 297 (8th Cir. 2010) (unpublished) the Eighth Circuit Court of Appeals affirmed denial of appointment counsel related to a Fed. R. Crim. P. 41(g) motion and cited to the case law relevant to appointment via § 1915(e)(1). *See also United States v. Moore*, No. CR 12-283(1) (PAM), 2020 WL 5545683, at *1 (D. Minn.

Sept. 16, 2020) *citing United States v. Bailey*, 700 F.3d 1149 (8th Cir. 2012); *United States v. Ortiz*, 110 F.3d 74 (10th Cir. 1997) (unpublished). However, other circuits have come to the opposite conclusion:

> Given our disposition of the matter, we deny Giraldo's motion for the appointment of counsel. However, he is free to request such an appointment from the district court. *See Torres*, 25 F.3d at 1161 (court ordered the appointment of pro bono counsel based on the presence of complex issues of law); *Martinson*, 809 F.2d at 1370 (court permitted public defender to continue to represent claimant on a motion for the return of property holding that it was an "ancillary" proceeding for purposes of the Criminal Justice Act, 18 U.S.C. § 3006A(c)); *United States v. 1604 Oceola*, 803 F. Supp. 1194, 1196 (N.D. Tex. 1992) (listing sources for the authority to appoint counsel in forfeiture actions).

*United States v. Giraldo,* 45 F.3d 509, 512 (1st Cir. 1995); *see also United States v. Martinson*, 809 F.2d 1364, 1370 (9th Cir. 1987), stating:

> The guns were seized on the basis of that indictment and arrest. The government asserted that a new federal indictment would be forthcoming and it persisted in this assertion for at least another year. As discussed above, we hold that his motion for return of the guns was properly an equitable matter. However, on this record it is irrelevant whether Martinson's motion for return of the property was technically filed as a criminal or a civil matter. The public defender, once validly appointed, was clearly justified in continuing his representation of Martinson. The motion was sufficiently related to the 1977 criminal case as to be considered an "ancillary" proceeding for purposes of 18 U.S.C. § 3006A(c).

This distinction is important in a case such as this because Defendant was previously appointed counsel pursuant to 18 U.S.C. § 3006A(a)(1)(A). *See* Docs. 9, 10. Accordingly, if a Rule 41(g) proceeding is ancillary within the meaning § 3006(A)(c) Defendant should continue to be represented by his prior criminal counsel.

However, the Court need not reach that issue because there is also a question of whether Defendant's motion is truly based on Rule 41(g). That Rule states:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must

2

> receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

In his motion (Doc. 133), and his brief (Doc. 142), Defendant is actually complaining about how the forfeiture order (Doc. 92) is being enforced. Accordingly, the procedural mechanism for Defendant's requested relief this does not appear to be a Rule 41(g). *See United States v. Hunt*, No. CR143144RHKJSM, 2016 WL 8970339, at *2 (D. Minn. Dec. 16, 2016) ("Because criminal judicial forfeiture of property is considered part of a defendant's sentence, a defendant may only challenge such a forfeiture through a direct appeal of his or her sentence; post-sentencing Rule 41(g) motions are barred.") More likely, Defendant's claim is before the Court pursuant to its jurisdiction to determine amounts paid and amounts owing on a monetary award. *See Kramer v. United States*, No. 3:15-CV-420-JPG, 2020 WL 2839733, at *6 (S.D. Ill. June 1, 2020) citing United States v. Carter, 742 F.3d 440, 445 (9th Cir. 2014) (per curiam).

Given that procedural posture, it seems that appointment of counsel is at the discretion of the Court. *United States v. Harris*, 568 F.3d 666 (8th Cir. 2009) (noting that there is no right to appointment of counsel in post-appeal collateral proceedings to modify a sentence and appointment of counsel is at the discretion of the court). This is similar to the standard in a general civil forfeiture proceeding. *See* 18 U.S.C. § 983(b)(1)(A), stating, "[i]f a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the person is represented by counsel appointed under section 3006A of this title in connection with a related criminal case, the court *may* authorize counsel to represent that person with respect to the claim" (emphasis added).

In this case, the questions presented are relatively straight forward and Defendant has already filed two cogent pleadings that set out his position related to his claim that the Government's forfeiture was improper, which demonstrate he is capable of

3

advocating for himself. Accordingly, the Court finds that the appointment of counsel is not warranted, and Defendant's motion (Doc. 141) is **denied**.

IT IS SO ORDERED this 14th day of September, 2021.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa