IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>vs.<br>ADAM LAWIN,<br>　　　　Defendant. | Case No. 13-cr-2040-LRR<br><br>REPORT AND RECOMMENDATION |

_____

## I.  INTRODUCTION

The matter before me is a Motion to Cease Seizure of Substitute Assets, Motion for an Accounting on Forfeiture, Motion to Release Seized Assets pursuant to Federal Rule of Criminal Procedure 41(g).  (Doc. 133.)  The Government resisted the motion.  (Doc. 137.)  The Honorable Linda R. Reade District Court Judge referred the Motion to me for a report and recommendation.  (Doc. 134.)  Movant filed a brief at Doc. 142.  The Government filed a Reply to Movant's Brief.  (Doc. 147.)  Defendant was given until December 8, 2021 to file a reply brief, but he did not do so.  (Doc. 148.)

On March 8, 2022, I held an evidentiary hearing on the motion at which Defendant testified.  Defendant's Exhibit A, a *Wall Street Journal* article about bitcoin, was admitted into evidence.  I also took judicial notice of the Notice of Forfeiture Allegation and the Order of Forfeiture (Docs. 89 and 92.)  At the hearing, the Government requested additional time to determine the status of certain electronic equipment that had been seized by the Government.  On May 6, 2022, the Government filed a status report stating that the equipment had "been destroyed in 2016 through agency procedures."  (Doc. 153.)

On June 28, 2022, I held a telephonic status conference to discuss matters remaining for resolution by the Court.  Defendant confirmed that there was no other non-

1

contraband personal property seized for which he was seeking an accounting or credit against the judgment discussed below. The parties were ultimately given until July 22, 2022 to submit any stipulation regarding the value of the equipment or, in the absence of a stipulation to submit evidence on its value. (Doc. 157.) In a July 22, 2022 status report, the Government reported, "Mr. Lawin has stated and the United States does not dispute that the value for the destroyed computer and other electronic equipment is $2,400.00." (Doc. 158.) Neither party requested a further hearing on this issue. For the following reasons, I respectfully recommend that the District Court enter an order denying Defendant's motion except to grant Defendant credit against the forfeiture judgment for the value of the equipment seized.

## II. BACKGROUND

In December 2013, Defendant was indicted in this Court for Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. Section 846 and Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. Sections 841(a)(1) and (b)(1)(C). (Doc. 3.) The indictment alleged Defendant conspired to, or possessed with the intent to distribute, a mixture or substance containing a detectable amount of 3,4-methylenedioxmethamphetamine – also known as MDMA or Molly. Defendant ultimately pleaded guilty to the conspiracy charge and was sentenced to 147 months imprisonment and 5 years' supervised release. (Doc. 95.)

In his motion, Defendant asserts the drug trafficking involved "the purchase and sale of MDMA on the Dark Web, conducted with bitcoin." (Doc. 133 at 3.) Indeed, Defendant's motion describes at some length how he was both a buyer and seller on a now-defunct Dark Web website called Silk Road. Apparently, as part of their investigation into Defendant's drug trafficking, law enforcement searched and perhaps seized "a significant quantity of controlled substances, and printouts containing information about Bitcoin, Silk Road, and the Dark Web." (Doc. 133 at 4.) I say

2

"apparently," because Defendant has not provided or cited to any return of service, inventory, or other list of the property he claims was seized, except for $25 that was seized from his Bureau of Prisons commissary account.

Nevertheless, the instant case is not the run-of-the mill Rule 41(g) motion where a party seeks return of specific property. Rather, Defendant's principal contention is that the Government was required to search for and execute against "tainted" assets (i.e., assets related to his drug-trafficking including Bitcoin and seized drugs) before seizing assets that are "untainted" (i.e., unrelated to his drug-trafficking). The Defendant requests the Court order as follows: (1) that the Government and the BOP to cease seizure of substitute assets; (2) that untainted property be returned to him; (3) that an accounting be undertaken to determine whether the forfeiture judgment has been properly executed or satisfied. (Doc. 133.)

The Government contends that the request for an order requiring it to cease seizure of money from Defendant's BOP commissary account is moot because Defendant is no longer in custody. The Government argues that the $100,000 forfeiture judgment remains unpaid with the exception of the $25 from Defendant's BOP commissary account and the value of the computer equipment. Thus, the Government believes no further accounting is necessary. The Government's principal point of dispute with Defendant's contention relates to whether it needs to make some showing regarding the availability of substitute assets before applying untainted assets to the outstanding judgment.

### III. DISCUSSION

#### A. *Applicable standards*

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved . . . by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return

3

the property to the movant, but may impose reasonable conditions to protect
access to the property and its use in later proceedings.

First, "[t]he movant must establish lawful entitlement to the property." *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008). "This burden is . . . satisfied by showing that the property was seized from the movant's possession, as a person from whom property is seized is presumed to have a right to its return." *Id*. The burden then shifts to the Government to "establish a legitimate reason to retain the property." *Id.* at 397.

One difficulty posed by Defendant's motion is that he is not, for the most part, seeking return of assets seized by virtue of a warrant issued under Rule 41. He is not, for example, claiming that the Government should return to him evidence regarding ownership of the bitcoin that was seized. Rather, he believes the Government should have executed upon the bitcoin to satisfy the forfeiture judgment. Similarly, Defendant is not seeking return of the seized controlled substances. "Contraband need not be returned to Defendant." *United States v. Clinkenbeard*, 18-CR-4064-LTS-KEM, 2021 WL 7286008, at *2 (N.D. Iowa Oct. 22, 2021), report and recommendation adopted, CR18-4064-LTS, 2022 WL 287933 (N.D. Iowa Jan. 31, 2022). Rather, Defendant insists that he be given credit against the forfeiture judgment for the value of the contraband seized. (Doc. 142 at 7.) Even the electronic equipment that was seized pursuant to a Rule 41(g) literally cannot be returned to him because it was destroyed.

### B. *Defendant is not challenging the finality of the judgment.*

Defendant cites *Kramer v. United States* for the proposition that the Court retains jurisdiction to determine amounts paid or owing under a forfeiture judgment. 3:15-CV-420-JPG, 2020 WL 2839733, at *6 (S.D. Ill. June 1, 2020). *Kramer* stated,

> Kramer appears to rely on the Court's power to enforce its criminal forfeiture judgment by ordering an accounting to determine whether the judgment has been properly executed and/or fully satisfied. *See United States v. Carter*, 742 F.3d 440, 445 (9th Cir. 2014) (per curiam) (noting

4

Case 6:13-cr-02040-CJW-MAR    Document 159    Filed 07/27/22    Page 4 of 9

court retains jurisdiction to determine amounts paid and amounts owing on restitution award). The Government has not convinced the Court that it lacks the power to order such an accounting in aid of execution of the monetary forfeiture judgment.

*Id.* Like, *Kramer*, I conclude that "Rule 41(g) does not provide an avenue for a prisoner to obtain recovery of forfeited property or property that the Government no longer has in its possession. *Id.* at *3.

The Government does not challenge the Court's jurisdiction to address the issues presented except to the extent Defendant's motion could be construed as challenging the finality of the forfeiture judgment. Indeed, "criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all." *United States v. Reed*, 782 Fed. Appx. 522, 523 (8th Cir. 2019) (unpublished) citing *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007). Here, however, I find that, properly construed, Defendant's motion seeks relief from the Court pursuant to its power to enforce its judgment and determine whether it has been properly executed.

### C. *21 U.S.C. Section 853(p) regarding substitute assets does not apply.*

Defendant's motion is founded upon a misunderstanding of the applicable forfeiture statutes, especially 21 U.S.C. Section 853(p). In the instant case a money judgment in the amount of $100,000 was entered against Defendant "pursuant to Federal Rule of Criminal Procedure 32.2 and Title 21, United States Code, Section 853(1)." (Doc. 92.)

> Federal Rule of Criminal Procedure 32.2 makes clear that, at least where the proceeds of the criminal activity are money, the government may seek a money judgment as a form of criminal forfeiture: "If the government seeks forfeiture of specific property, [certain results follow]. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." Rule 32.2(b)(1)(A) (emphases added); see 28 U.S.C. § 2461(c) (providing that "the court shall order the forfeiture of the property as part of the sentence

5

in the criminal case pursuant [to] the Federal Rules of Criminal Procedure"). That is, the government may seek the forfeiture of specific property, or the government may seek a money judgment. We previously have held that a money judgment is a proper form of criminal forfeiture:

> Federal Rule of Criminal Procedure 32.2 supports this position [that money judgments are available as a form of criminal forfeiture] and differentiates between instances in which the government "seeks forfeiture of specific property" or "a personal money judgment." Fed.R.Crim.P. 32.2(b)(1). The Advisory Committee Notes clarify that "[s]ubdivision (b)(1) recognizes that there are different kinds of forfeiture judgments in criminal cases. One type is a personal judgment for a sum of money; another is a judgment forfeiting a specific asset." Fed.R.Crim.P. 32.2(b) advisory committee's notes.

*Casey*, 444 F.3d at 1076 (second alteration in original). Other courts unanimously have agreed. *See McGinty*, 610 F.3d at 1246 (collecting cases and stating: "Although the criminal forfeiture statute does not explicitly refer to money judgments, our sister circuits have uniformly recognized that money judgments representing the unlawful proceeds are appropriate."). When the government seeks a money judgment, Rule 32.2(b) does not permit the court to do anything other than "determine the amount of money that the defendant will be ordered to pay," which is specified by statute.

Rule 32.2(e) allows the government also to seek "substitute property." *See* 21 U.S.C. § 853(p) (permitting the substitution of property in some circumstances). That provision carries its own set of procedural and substantive requirements before the court may order the forfeiture of substitute property. But, here, the government did not seek "substitute property" under Rule 32.2(e). The government sought only a money judgment as a form of criminal forfeiture under Rule 32.2(b). *Because the government sought a money judgment in the first instance, there was no need to seek substitute property*. *See United States v. Candelaria–Silva*, 166 F.3d 19, 42 (1st Cir.1999) ("A criminal forfeiture order may take several forms. First, the government is entitled to an in personam judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense. Second, to the extent the government can trace any of the proceeds to specific assets, it may seek the forfeiture of those assets directly…. Third, if as a result of some act or omission of the defendant,

6

the government cannot trace the proceeds to specific assets, it may seek the forfeiture of [substitute property].").

*United States v. Newman*, 659 F.3d 1235, 1242–43 (9th Cir. 2011) (emphasis added.)

Thus, the Government is correct that, because a money judgment was entered against Defendant, it need not seek to execute first against tainted assets before it executed against Defendant's commissary account or other assets. I recommend Defendant's motion be denied on this ground.

### D.     *Accounting for the value of assets seized.*

Defendant cites no authority for the proposition that the Government owes him any credit for the value of the illegal controlled substances that were seized from him. As the Government points out, unlike the BMW seized in *United States v. Van Nguyen,* 602 F.3d 886, 903 (8th Cir. 2010), there is no legal market for controlled substances seized from Defendant. A purpose of the law that criminalizes the sale of MDMA is to eliminate its use and destroy the market for it. It would make no sense for the Government to sell that contraband for the purpose of satisfying a money judgment against Defendant arising from his illegal sales. While Defendant's brief opines about the street value of the drugs seized (Doc. 142 at 8), he offered no evidence regarding any *legal* value that could be attached to these drugs, therefore, he has not established he is entitled to any credit for their seizure.

Defendant argues that the Government is not entitled to "both seized the bitcoin and receive the value of the bitcoin in the form of a money judgment." (*Id.* at 6.) Here Defendant's argument fails because there is no evidence that the Government seized any bitcoin. At best, Defendant has established that the Government may have been aware of his bitcoin account and could have attempted to execute on that account. While Defendant argues that the Government could have seized the bitcoin, this argument is not backed by evidence and is speculative. Moreover, for the reasons cited above, the

7

Government is not required to execute on specific assets. Thus, Defendant should not be given any credit relating to the bitcoin at issue.

Finally, I recommend that Defendant be given credit against the forfeiture judgment for the $25 seized from his commissary account and the uncontested value of the destroyed computer and other electronic equipment in the amount of $2,400.

### IV.   *RECOMMENDATIONS FOR THE COURT'S FINAL RULING*

Based on the forgoing and the submissions of the parties, I respectfully recommend the Court enter an order granting in part and denying in part Defendant's motion in the following particulars:

1. Ordering that Defendant's motion for an accounting be **GRANTED** only insofar as the remaining balance due and owing on the forfeiture judgment is reduced by $2,425; and
2. Ordering the motion be **DENIED** in all other respects.

### V.   *CONCLUSION*

I respectfully recommend that Defendant's Motion to Cease Seizure of Substitute Assets, Motion for an Accounting on Forfeiture, Motion to Release Seized Assets pursuant to Federal Rule of Criminal Procedure 41(g) **(Doc. 133)** be **granted** and **denied** as set forth above.

Objections to this Report and Recommendation in accordance with 28 U.S.C. Section 636(b)(l) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to

appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

    **DONE AND ENTERED** this 27th day of July, 2022.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa